UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>GUARD BROOKS; GUARD NETTLETON; GUARD HANSEN; GUARD CULBERTSON; and GUARD JENSEN,<br><br>        Defendants. | Case No. 1:17-cv-00223-DCN<br><br>**ORDER VACATING Dkt. 35 and AMENDED MEMORANDUM DECISION AND ORDER** |

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Request for Clarification (Dkt. 42) is GRANTED IN PART. The Court misspoke when it stated that the Initial Review Order concluded that the Complaint did not state plausible retaliation claims. The Court has reviewed that Order and its previous Memorandum Decision and Order (Dkt. 35), and has determined that the Complaint does, indeed, state such claims. Therefore, the Court's April 5, 2018 Memorandum Decision and Order (Dkt. 35) is VACATED, and the Court hereby issues the following Amended Memorandum Decision and Order. To the extent the Request for

Clarification seeks permission to file an interlocutory appeal or seeks any other relief, the Request is DENIED.

2. Plaintiff's Motion for Reconsideration of the Initial Review Order (Dkt. 17) is GRANTED IN PART to the extent that the Court has reviewed and reconsidered the Complaint and the Initial Review Order as set forth below. The Motion is denied in all other respects.

3. Plaintiff's Request to Withdraw Temporary Restraining Order and/or Preliminary Injunction (Dkt. 19) is GRANTED.

4. Plaintiff's Motion for an Emergency Temporary Restraining Order (Dkt. 18) is DENIED AS MOOT.

5. Plaintiff's Motion to Stay Pleadings (Dkt. 22) is DENIED.

6. Plaintiff's Motion for Appointment of Counsel (Dkt. 27) is DENIED.

**AMENDED MEMORANDUM DECISION AND ORDER**

Plaintiff, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se and in forma pauperis in this civil rights action brought under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. §§ 1915 and 1915A, United States Magistrate Judge Candy W. Dale previously entered an Initial Review Order, allowing Plaintiff to proceed on his claims that Defendants violated his First Amendment right to petition the government for redress, as well as his First Amendment right to be free from retaliation, by refusing to process Plaintiff's jail grievances because they contained disrespectful language. Dkt. 10. Plaintiff's claims arose when he was incarcerated at the Ada County Jail, and Defendants are employees of Ada County.

Plaintiff has now filed several motions: (1) a Motion to Reconsider the Initial Review Order, in which he asks the Court to analyze Plaintiff's free speech claims against Defendants; (2) a Motion to Stay Pleadings; and (3) a Motion for the Appointment of Counsel. Dkts. 17, 22, 27.)[1]

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1.

1.  **Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel. Judge Dale denied Plaintiff's previous request for counsel because, with only the bare allegations of the Complaint, the Court did "not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding" and because Plaintiff had articulated his claims sufficiently. (Dkt. 10 at 11.) *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (factors in the appointment of counsel analysis are the likelihood of plaintiff's success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved).

The Court now has more than merely the Complaint to determine whether Plaintiff is likely to succeed on the merits and concludes that Plaintiff has some likelihood of success on his claims. However, to date, Plaintiff has continued to represent himself quite

---

[1] In addition, Plaintiff filed a Motion for an Emergency Temporary Restraining Order, but he later filed a request to withdraw that motion. (Dkt. 17, 18.) Therefore, the Court will grant Plaintiff's request for withdrawal and deny as moot his Motion for Emergency Temporary Restraining Order.

ably, including by making legal arguments and by citing legal authority. Thus, the Court will exercise its discretion to deny Plaintiff's Motion for Appointment of Counsel.

2.      **Motion to Stay Pleadings**

In his Motion to Stay Pleadings, Plaintiff asks that the Court stay the deadlines in this case until a motion in Plaintiff's most recent case—a First Amendment case against employees of the Idaho Department of Correction—is decided. (Dkt. 22 at 1; Dkt. 19 at 1 (requesting withdrawal of Plaintiff's motion for a temporary restraining order because "[t]he Defendants in this suit are not the party for whome [sic] that motion sought relief against. Williams has just filed suit against the defendants/party that the TRO sought to compel, and has filed a new TRO/PI with that suit.").) *See Williams v. Stewart*, Case No. 1:18-cv-00028-BLW. Plaintiff also claims that, at ISCC—the prison at which Plaintiff is currently incarcerated—he does not have adequate access to legal materials to pursue this case. Dkt. 22 at 1.

The Court sees no reason to delay the progress of this case pending the resolution of a motion in Plaintiff's new case. Plaintiff has not yet been authorized to proceed in that new case, and further delay in this case is not justified.

Moreover, the Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Lewis v. Casey*, 518 U.S. 343, 255, 360 (1996). Rather, prisons must provide only those resources necessary to allow inmates "to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360.

Plaintiff has not shown that the resources available at ISCC are insufficient to permit him to adequately present his claims to this Court. As the Court has already explained with respect to Plaintiff's motion for appointment of counsel, Plaintiff has been able to represent himself competently throughout this litigation. Therefore, Plaintiff's Motion to Stay Pleadings will be denied.

3. **Motion for Reconsideration of the Initial Review Order and Review of Complaint**

In the Initial Review Order, Judge Dale analyzed Plaintiff's Complaint and determined that Plaintiff could proceed on his petition-for-redress and retaliation claims. Dkt. 10. Plaintiff now contends that Judge Dale did not analyze his free speech claims and asks that this Court do so. Dkt. 17 at 2.

The Court will grant in part Plaintiff's Motion for Reconsideration and has independently reviewed the Complaint and Judge Dale's Initial Review Order. Although that review has been de novo, the Court agrees with Judge Dale's analysis and conclusion that the Complaint states plausible petition-for-redress and retaliation claims.

Although the Initial Review Order did not explicitly analyze Plaintiff's free speech claims, that does not mean that Judge Dale did not consider them. In any event, the Court has reconsidered Plaintiff's free speech claims in this case in light of Judge Lodge's ruling in another of Plaintiff's cases: *Williams v. Fox*, Case No. 1:16-cv-00143-DCN. In that case, which is also a disrespectful-grievance case, Judge Lodge reviewed the current state of First Amendment law regarding inmate grievances containing disrespectful language—including *Bradley v. Hall*, 64 F.3d 1276 (9th Cir. 1995), *abrogated in part by*

*Shaw v. Murphy*, 532 U.S. 223 (2001), and *Brodheim v. Cry*, 584 F.3d 1262 (2009)—and concluded as follows with respect to the claims that Plaintiff labeled as "free speech" claims:

> The *context* of an inmate's exercise of free speech determines how much protection is afforded the speech....
>
> Verbal expressions of free speech in prison are treated differently from written expressions. In both *Bradley* and *Brodheim*, the Ninth Circuit drew an important distinction between (1) the act of *writing* disrespectful words in a grievance directed to prison officials, and (2) the legitimate interest a prison has in "prevent[ing] any *open expression of disrespect* or any disrespectful communication between prisoner and guard or between prisoner and prisoner." *Brodheim*, 584 F.3d at 1273 (emphasis added) (citing *Bradley*, 64 F.3d at 1281); *see also Custodio v. Idaho State Bd. of Corr.*, No. 1:13-CV-00332-BLW, 2016 WL 5661984, at *5 (D. Idaho Sept. 29, 2016) (unpublished).
>
> Further, written expressions in documents other than prison grievances appear to be treated differently than written expressions contained within grievances. *Compare Barrett v. Belleque*, 2011 WL 802707 (D. Or. 2011) (unpublished), *aff'd*, 475 F. Appx. 653 (9th Cir. 2012) (unpublished), *cert. denied*, 133 S. Ct. 318 (2012), *with Richey*, 2016 WL 7325218 (unpublished).
>
> Because the free speech analysis of language uttered by inmates necessarily depends on its context—written or unwritten, grievance or non-grievance—the Court concludes that Plaintiff does not have a freestanding free speech claim that is *separate* from its context. Therefore, Plaintiff may not proceed on such a claim, but, as explained below, he may proceed with his First Amendment claims within the context of (1) his right to petition the government for redress, and (2) his right to be free from retaliation.

Dkt. 56 in *Williams*, 1:16-cv-00143-DCN, at 8-11 (footnote omitted).

Plaintiff later sought clarification of Judge Lodge's analysis in that case, and the Court explained that Plaintiff's petition-for-redress claims were essentially the same as his free speech claims, because the petition-for-redress claims "are the *context* in which the Court will address" the free speech claims:

> We are all talking about the same claims—we are simply using different labels, apparently. The Court is using two types of First Amendment labels as sub-identifiers to the general description of "free speech" claims, as the Court's previous Order explained. Taking Plaintiff's factual allegations into consideration, in this case there is no practical difference between a "free speech" claim and a "redress-of-grievances" claim when it comes to written expressions of speech in prison grievances.

Dkt. 73 in *Williams*, 1:16-cv-00143-DCN, at 2 (footnote omitted).

The Court concurs with Judge Lodge's analysis and concludes that it applies to the instant case as well. Plaintiff's free speech claims are not, in essence, separate from his petition-for-redress claims. Judge Lodge's thorough analysis of the law on disrespectful prison grievances is persuasive, and the Court will continue to use the label "petition-for-redress" or "redress-of-grievance" claims as the context of the First Amendment free speech claims upon which Plaintiff has been allowed to proceed in this matter.

DATED: May 3, 2018

David C. Nye
U.S. District Court Judge